(59 App. Div. 332.)

TOLMIE v. STANDARD OIL CO.

(Supreme Court, Appellate Division, Third Department. January, 1901.)

1. VICIOUS HORSE—LIABILITY OF OWNERS—EVIDENCE—SUFFICIENCY.

Plaintiff was injured while driving past a team attached to an oil wagon of defendant, by the off horse kicking him. Two witnesses testified that the same horse, while being driven by the same person, had kicked at them in a similar manner. Two other witnesses testified that a horse of a similar description had kicked at them under similar circumstances. Held, that the evidence was sufficient to go to the jury on the question whether the horse which injured plaintiff was the same horse which had previously made the other vicious attacks.

2. SAME—ADMISSIBILITY OF EVIDENCE.

Evidence that a horse of a similar description, and driven to the same wagon, had previously kicked at other persons in the same manner, is admissible, as tending to show that it was the horse which kicked plaintiff.

Appeal from trial term, Saratoga county.

Action by John Tolmie against the Standard Oil Company. From a judgment of nonsuit, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

John L. Henning, for appellant.
Harris & Rudd, for respondent.

KELLOGG, J. The plaintiff brought an action to recover for personal injuries, and for injuries to plaintiff's horse, harness, and wagon, all sustained, as plaintiff alleges, through the kicking by a vicious horse owned and controlled by defendant. The proof offered by plaintiff was sufficient to entitle it to be submitted to the jury on the whole case, unless the learned trial court was right in holding, as a matter of law, that there was not sufficient evidence to go to the jury on this question as to whether the horse that did the injury was the same horse which under similar conditions, in harness, on the public streets in Saratoga, had before this time been seen to kick at passing teams. I think the learned trial justice in so holding overlooked material testimony bearing on that question. The evidence shows that the horse that did the injury to plaintiff was the off horse in a team hauling the Standard Oil wagon, the horse weighing from 1,500 to 1,700 pounds; that plaintiff was driving by this team, going in the same direction, on the public street, and in passing on the off side, some four feet away, this off horse, after throwing his head over the near horse, kicked out with both hind feet, and did the injury complained of. This was, as described by the witnesses, done in such a manner that it might be taken by the jury as some evidence of a vicious disposition, and not the result of any sudden fright. Two witnesses (Edwin Tallman and Fred Tallman) testified that a few days before the accident they saw the same team on another street in Saratoga, and as Edwin Tallman drove by the team, and was opposite the team, on the off side, the off horse kicked out at him or his horse, with both feet, and came near hitting his horse. Witness says: "I then told the driver of the Standard Oil team that he had better chain the horse down, if he acted like that." The same driver was driving the team on this occasion that drove when plaintiff was injured. A witness named James D. Stiles speaks of the "Standard Oil team." On one occasion, before the time mentioned, he drove up alongside, and the off horse kicked at him with both hind feet. On another occasion, under similar circumstances, the same horse again kicked at him with both hind feet. Edwin Ham, another witness, testified to a similar occurrence on another occasion. These last two witnesses do not, in terms, say it was the same horse that kicked at plaintiff, but it was a gray horse on the off side in the Standard Oil team; and, all the kicking having been done in the same manner and under like circumstances, I think it was proper evidence for the jury to consider, and from it they might properly have found it was the same horse. Here were four witnesses of previous vicious acts. Two of them identified the horse, and two of them did not in exact terms.

The learned court was in error, I think, in not leaving the case to the jury on the whole evidence.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.   All concur.